## Frederick Einstman

### v.

## Samuel W. Black et al.

1. Partnership in running a ferry boat—Duties required by law of ferryman.—A and B entered into written articles of partnership for the purpose of running and operating a steam ferry boat over and across a certain river, A to furnish the boat in good running order with all the appurtenances, etc., and B to run and operate the same to their mutual advantage. C drove his cattle to the ferry to be crossed, but the water was so low that the boat could not cross, and was not running. He made an arrangement with B to assist him in swimming the cattle across the river, and in attempting to get them across in this manner a portion of the cattle were drowned. A was not present at the time and gave B no authority to cross persons or property other than that contained in the written agreement. *Held*, as B's attempt to swim the cattle across the river was an act wholly outside of the duties required of him as ferryman, either by law or the contract of partnership, A is not responsible for the manner of its performance.

2. Construction of contract—Duty of court.—Where the question whether the act of swimming cattle across the river by B was within the scope of his authority as a partner and binding as such upon A depended solely upon the construction to be given to a written contract of the parties, it was the duty of the court to construe the contract and to inform the jury what authority, if any, it conferred as to the act in question.

Error to the Circuit Court of Morgan county; the Hon. C. Epler, Judge, presiding. Opinion filed January 22, 1884.

Mr. George W. Smith, for plaintiff in error; as to the duties of a ferryman, cited Fisher v. Clisbee, 12 Ill. 344.

Messrs. Morrison & Whitlock, for defendants in error; cited Lewis v. Lewis, 92 Ill. 237; West Chicago, etc., v. Sheer, 8 Bradwell, 367; Conn. Mut. Fire Ins. Co. v. Ellis, 79 Ill. 516; Calvert v. Carpenter, 96 Ill. 63.

Higbee, J. Defendant in error seeks to recover damages against plaintiff in error in an action on the case upon the alleged ground that plaintiff in error and one Samuel Bartholomew were the owners of and operating a ferry across the

Illinois river at Meredosia, and that as ferrymen, they attempted to cross a drove of cattle for defendant in error and so carelessly discharged their duty that a part of the cattle were drowned.

The trial below resulted in a judgment against Einstman only, who brings the record here and assigns several errors upon the rulings of the trial court.

It appears from the evidence that plaintiff in error, who resided at Chapin, Morgan county, and was the owner of a steam ferry boat, and Bartholomew, who resided at Meredosia, entered into a written agreement on August 11, 1881, by which they formed a co-partnership for the purpose of running and operating the steam ferry boat Convoy over and across the Illinois river at Meredosia—Einstman to furnish the boat in good running order, with all the appurtenances, tackle and skiffs that are usually kept on such a boat, and Bartholomew to run and operate the same to their mutual advantage, to hire the hands, pay all expenses out of the receipts and divide the profits equally with Einstman. Under this agreement the business of ferrying was carried on by the parties under the management and control of Bartholomew, Einstman giving no personal attention to it. On the 30th day of August, 1881, Black drove his cattle to the ferry to be crossed, but the water was then so low that the boat could not cross, and was not running. He made some arrangement, just what does not appear, with Bartholomew, to assist him in swimming the cattle across the river, and in attempting to cross them in this manner, the injury was sustained for which this suit was brought. Einstman was not present at the time the attempt was made to swim the cattle across the river and knew nothing of it until afterward. He gave Bartholomew no authority to cross persons or property, other than that contained in the written articles of co-partnership.

At the instance of defendant in error the court gave the following instructions:

2. "It is the law of the land that each member of the firm is bound by the acts of any one of them in the usual line of the duties of said partnership while acting in the scope

of the partnership business, and no member of a firm can re-
pudiate the acts of another member in the line of the duties
of such firm and acting within the scope of the partnership
business; and in this case, if you find from the evidence that
it was a part of the duties of the firm of Einstman & Bar-
tholomew, the defendants, and within the scope of their
partnership business to swim or drive cattle across the river,
then the fact, if in evidence, that Einstman was not present
at the time the cattle in controversy were being carried or
swam across, that would not release him from a liability,
if shown by the evidence, which the firm have incurred by
the acts of Bartholomew."

4. "If, from the evidence in this case, the jury find that
the defendants, Einstman and Bartholomew, were partners
engaged in running a public ferry boat across the Illinois
river at Meredosia, then in law they were common carriers
and in duty bound to carry such property and persons across
said river as are usually carried by a ferry boat of the same
kind; and the fact, if in evidence, that they had taken out no
license, would not release them from such duty as a common
carrier."

The rule of law as to the right of a partner to bind his co-
partner for acts done within the scope of the partnership bus-
iness is correctly stated in the first part of instruction num-
ber two; but whether the act of swimming the cattle across
the river by Bartholomew was within the scope of his au-
thority as a partner and binding as such upon Einstman,
depended solely upon the construction to be given to the
written contract of the parties and instead of calling upon
the jury, as was done by this instruction, to determine
the extent of Bartholomew's authority to bind his co-partner,
the court should have construed the contract and informed
the jury what authority, if any, it did confer as to the act in
question. It was not strange that a jury composed of men
unlearned in the law and who were not accustomed to con-
strue written contracts should have adopted a wrong con-
struction.

A ferry is a place where persons and things are taken

across a river or other stream in boats or other vessels for hire. Bouvier's Law Dictionary; title, "Ferry." It is a franchise granted by the State and regulated by statute. It may be defined to be a right to transport persons and property across a water course and land within the jurisdiction granting the franchise and receive tolls or pay therefor. Ferrymen in the exercise of this franchise as to property received on their boats are exercising a calling in many respects analogous to that of common carriers and in some cases are held to similar responsibilities. In this State it is made a penal offense by statute to ferry for profit or hire without a license from the county board. The act of swimming cattle across a river is no part of the duties required of a ferryman by law, and he could not be held liable for its non-performance. It is clear that such an act was not authorized in this case by the contract of the parties. By it Einstman only authorized Bartholomew to bind him for such acts as come within the scope of his duties in operating the ferry, and his attempt to swim the cattle across the river being an act wholly outside of the duties required of him either by the law or the contract, no responsibility could attach to Einstman for the manner of its performance and so the court should have informed the jury.

If we were to concede that the fourth instruction announced a correct abstract principle of law, yet as applied to the facts of this case it could hardly have failed to mislead the jury. It must have been understood by them as attaching the responsibility of a common carrier to Einstman for the unauthorized act of Bartholomew.

For these errors the judgment is reversed and the cause remanded.

Judgment reversed.